IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| FULGENCIO DE LA FUENTE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-08-87 |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM</u>

This Memorandum is intended to clarify a point of dispute between the parties with respect to the Court's Memorandum and Order of March 31, 2010 (Dkt. 19). That Order addressed Plaintiff's motion for summary judgment that his detention with the Border Patrol "was without consent and without authority of law." (Dkt. 19 at 1.) Neither party had moved for summary judgment on the specific issue of whether Border Patrol agents assaulted Plaintiff during his detention, and the Court made no findings of fact with respect to that issue.

At the summary judgment stage, "courts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007)(quoting <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962))(bracketed material in original); <u>Bradley v. Allstate Ins. Co.</u>, ___ F.3d ___, No. 09-30035, 2010 WL 1839442 at *3 (5th Cir., Mar. 10, 2010) (On

summary judgment "[a]ll the facts and evidence must be taken in the light most favorable to the non-movant.")  However, the "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott, 550 U.S. at 379 (quoting Rule 56, Fed. R. Civ. P.).

In order to provide background in the prior Memorandum, the Court recounted the events of Plaintiff's detention on pages 3 through 11.  That account consisted largely of facts that the parties did not dispute.  Where the Court's narrative touched on matters with respect to which there is conflicting evidence (e.g., whether Plaintiff was assaulted) the Court was obliged to construe the evidence in favor of the Government.  However, that view of the evidence solely related to whether the Plaintiff could meet his summary judgment burden for the elements of his false imprisonment claim.  Contrary to the parties' most recent filings, the narrative on pages 3 to 11 of the March 31st Memorandum did not constitute ultimate findings of fact. Instead, the Court explicitly set forth those facts it found were not genuinely in dispute on page 16:

> De La Fuente's summary judgment motion will be granted insofar as there is no genuine dispute regarding the following facts.
>
> On October 28, 2007, Plaintiff was detained without his consent at the Border Patrol's checkpoint at the mile-29 marker on Interstate 35.

> The detention began when Plaintiff's bus was diverted into the checkpoint at approximately 7:00 a.m.
>
> The detention continued until some point after the CIS check that was performed at 7:45 a.m.

(Dkt. 19 at 16.)

The parties have submitted additional briefing and evidence regarding whether Plaintiff is entitled to summary judgment on the third element of his false imprisonment claim. The Government has also moved for judgment on the pleadings or summary judgment with respect to the entire action. (Dkt. 22 at 10-14.) All motions are now being considered by the Court. See 28 U.S.C. § 2401.

DONE at Laredo, TX, this 14th day of June, 2010.


_____
George P. Kazen
Senior United States District Judge